IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN AVERY, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-06-343-F |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Jonathan Avery is a federal prisoner challenging his conviction and sentence under 28 U.S.C. § 2241.[1] The Respondent urges construction under 28 U.S.C. § 2255 and requests dismissal or transfer to the proper jurisdiction.[2] The Court should grant the motion to dismiss.

I.  BACKGROUND

Mr. Avery was convicted and sentenced in the United States District Court for the District of Kansas.[3] The Tenth Circuit Court of Appeals upheld the conviction and sentence

---

[1]  *See* Case No. CR-00-10036-01-MLB Case No. CR-00-3262, Motion Challenging Effects of Events Subsequent to His Sentence On the Sentence, <u>Gomori v. Arnold</u>, C.A. 3(PA) 1976, 553, F.2d 871 Certiorari Denied 97 S.Ct. 140 429 U.S. 851, 50 L.Ed 2nd 125[] Pursuant to Title 28 USC §2241 Habeas Corpus Action at pp. 1-2 (Mar. 31, 2006) ("Petition").

[2]  Motion to Dismiss or in the Alternative to Convert to § 2255 and Transfer to Proper District and Brief in Support Thereof, *passim* (May 9, 2006).

[3]  *See United States v. Avery*, 295 F.3d 1158, 1163-64 (10th Cir. 2002).

on direct appeal.[4]  Invoking 28 U.S.C. § 2255, Mr. Avery unsuccessfully sought relief from his sentence.[5]

## II.     THE UNAVAILABILITY OF RELIEF UNDER SECTION 2241

Mr. Avery's exclusive remedy lies under Section 2255.

Attacks on the execution of a sentence fall under Section 2241, and challenges to the validity of a conviction or sentence trigger Section 2255.[6]

In his petition, Mr. Avery challenges the jury instructions, the sufficiency of the indictment, the issuance of a search warrant, and the denial of a motion in limine.[7]  These claims implicate the validity of the conviction rather than the means in which the sentence is being carried out.  In these circumstances, Section 2255 would ordinarily govern.[8]

---

[4]     *See United States v. Avery*, 295 F.3d 1158, *passim* (10th Cir. 2002).

[5]     *See* Amended Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, *passim*, *Avery v. United States*, Case No. 03-3446 MLB (D. Kan. Dec. 17, 2003) (motion for relief); Judgment in a Civil Case, *Avery v. United States*, Case No. 00-10036-01 MLB, 03-3446 MLB (D. Kan. Jan. 14, 2004) (denying relief); Order, *United States v. Avery*, Case No. 04-3108 (10th Cir. July 7, 2004) (unpublished op.) (dismissing appeal).

[6]     *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997).

[7]     Petition, *passim*.

[8]     *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." (citation omitted)).

An exception exists, allowing reliance on Section 2241 if the remedy under Section 2255 is inadequate or ineffective.[9] But Mr. Avery does not invoke the exception,[10] and he cannot seek relief under Section 2241.

III.   RECHARACTERIZATION UNDER SECTION 2255

Because Mr. Avery cannot proceed under Section 2241, the Court must decide whether to recharacterize the petition as one for relief under Section 2255.[11] The Court should answer in the negative.

First, a motion under Section 2255 must be filed in the sentencing court.[12] That court is the District of Kansas, rather than the Western District of Oklahoma.[13]

Second, the Petitioner has already pursued relief under Section 2255 in the District of Kansas.[14] If the Court were to recharacterize the action, transfer and certification by the

---

[9]   *See* 28 U.S.C. § 2255.

[10]  The District of Kansas has denied relief under 28 U.S.C. § 2255. *See supra* p. 2. But a Section 2255 remedy is not inadequate or ineffective simply because of the unavailability of second or successive habeas proceedings. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("That [Caravalho] may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective.").

[11]  Mr. Avery cites Section 2255 once in his petition. Petition at p. 2. But he does not invoke the section as a basis for relief.

[12]  *See* 28 U.S.C. § 2255; *United States v. Edwards*, 69 F.3d 419, 441 n.14 (10th Cir. 1995).

[13]  *See supra* p. 1.

[14]  *See supra* p. 2 & note 10.

Tenth Circuit Court of Appeals would be necessary.[15] In light of these potentially adverse consequences for Mr. Avery, the Court should decline to recharacterize the action.[16]

IV.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the Court should grant the Respondent's motion to dismiss.

The Petitioner may object to this report and recommendation. To do so, Mr. Avery must file an objection with the Clerk of this Court.[17] The deadline for objections is June 29, 2006.[18] Failure to file timely objections would result in waiver of the right to appeal the recommended dismissal.[19]

V.      STATUS OF THE REFERRAL

This referral is terminated.

---

[15]     *See* 28 U.S.C. § 2255.

[16]     *See Pliler v. Ford*, 542 U.S. 225, 234 (2004) ("although [recharacterization as a Section 2255 motion] is often used to help *pro se* petitioners, it could also harm them" (citation omitted)); *see also Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring) ("even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization").

[17]     *See* 28 U.S.C. § 636(b)(1).

[18]     *See* W.D. Okla. LCvR 72.1(a).

[19]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 9th day of June, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge